UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 13-CR-302 |
| – against – | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| DEBRA WALCOTT, | |
| Defendant. | |

**JACK B. WEINSTEIN, Senior United States District Judge:**

**I.    Introduction**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245–46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

Although a written statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a Guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

1

On March 5, 2014, defendant Debra Walcott was convicted for conspiring to distribute marijuana (Count 1), and for her role in a money laundering conspiracy (Count 2). *See* 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vii), and 18 U.S.C. § 1956(a)(1)(B)(i). Ms. Walcott has pled guilty.

On September 22, 2014, Ms. Walcott was sentenced. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

**II.    Offense Level and Category**

Counts 1 and 2 were grouped, per U.S.S.G. § 3D.1.2(d). As the guideline for the money laundering count results in a greater offense level than that for the marijuana conspiracy count, that guideline is used. U.S.S.G. §3D1.3(a).

U.S.S.G §2D1.1(a)(5) and (c)(4) provide a base offense level of 32 for money laundering offenses involving at least 1,000 but less than 3,000 kilograms of marijuana. However, the defendant has satisfied the five factors in U.S.S.G. §5C1.2(a), and thus warrants a 2-level safety-valve reduction, per U.S.S.G. §2D1.1(b)(16). As a result, the base offense level per U.S.S.G. §2S1.1(a)(1) is 30. U.S.S.G. §2S1.1.

Defendant knew or believed the laundered funds were controlled substance proceeds, so 6 levels are added pursuant to U.S.S.G. §2S1.1(b)(1)(B)(i). The offense level was increased another 2 levels for a conviction under 18 U.S.C. §1956. *See* U.S.S.G. §2S1.1(b)(2)(B). Therefore, the adjusted offense level is 38.

The adjusted offense level is reduced by 2 levels for defendant's acceptance of responsibility. U.S.S.G. §3E1.1(a). The government was notified in a timely manner of Ms.

Walcott's intention to enter a guilty plea, so the adjusted offense level is reduced by another level. U.S.S.G. §3E1.1(b).

The total offense level is 35. The criminal history category is I. The range in the Guidelines is 168 to 210 months.

### III. Sentencing Options

#### a. Custody

**Statutory Provisions**: The minimum term of imprisonment for Count 1 is ten years and the maximum term is life. *See* 21 U.S.C. §841(a)(1) and 21 U.S.C §841(b)(1)(A)(vii). However, the defendant meets the criteria set forth in 18 U.S.C. §3553(f)(1)-(5), so the court shall impose a sentence in accordance with the applicable guideline range without regard to any statutory minimum sentence. The maximum term of imprisonment for Count 2 is 20 years. 18 U.S.C. §1956(a)(1)(B)(i).

**Guideline Provisions**: Based on a total offense level of 35 and a criminal history category of I, the guideline imprisonment range is 168 months to 210 months.

#### b. Supervised Release

**Statutory provisions**: For Count 1, a term of supervised release of at least 5 years is mandatory. 21 U.S.C. §841(b)(1)(A). However, if the court determines that the defendant has satisfied the mitigating factors in 18 U.S.C. §3553(f), the statutory minimum does not apply. For Count 2, the court may impose a term of supervised release of not more than three years. 18 U.S.C. §3583(b)(2). Multiple terms of supervised release shall run concurrently. 18 U.S.C. § 3624(e).

**Guideline Provisions:** For Count 1, since the offense is a Class A Felony, the guideline range for a term of supervised release is 2 years to 5 years. U.S.S.G. §5D1.2(a)(1). For Count 2,

since the offense is a Class C Felony, the guidelines range for a term of supervised release is 1 year to 3 years. U.S.S.G. §5D1.2(a)(2).

### c. Probation

**Statutory Provisions:** For Count 1, the defendant is ineligible for probation by statute. 21 U.S.C. §841(b)(1)(A). For Count 2, because the defendant must be sentenced to a term of imprisonment on Count 1, she is ineligible for probation on Count 2. 18 U.S.C. § 3561(a)(3).

**Guideline Provisions**: The defendant is ineligible for probation. U.S.S.G. §5B1.1(b)(2) and (b)(3).

### d. Fine

**Statutory Provisions**: For Count 1, the maximum fine is $10,000,000.00. 18 U.S.C. §3571(b). For Count 2, the maximum fine is $500,000.00. 18 U.S.C. §3571(b).

**Guideline Provisions**: The fine range for this offense is $20,000 to $10,500,000. If the defendant is convicted under a statute authorizing (1) a maximum fine greater than $250,000, or (2) a fine for each day of violation, the Court may impose a fine up to the maximum authorized by the statute. U.S.S.G §5E1.2(c)(4).

### e. Denial of Federal Benefits

**Statutory Provisions:** Pursuant to 21 U.S.C. §862, upon the first conviction for distribution of a controlled substance, the court may declare the defendant ineligible for certain federal benefits for up to 5 years after such conviction, except that this provision is not applicable for any defendant who cooperate with the government.

**Guideline Provisions**: The court, pursuant to 21 U.S.C. §862, may deny the eligibility for certain federal benefits of any individual convicted of distribution or possession of a controlled substance. U.S.S.G. §5F1.6.

## IV. Sentence

The court sentenced defendant outside the guidelines, pursuant to *U.S. v. Booker*, 543 U.S. 220 (2005). Defendant was sentenced to three years of probation, subject to Guidelines 5D1.2, 5D1.3A, and C, D, and E. Defendant is also required to resume treatment for her bipolar disorder and post-traumatic stress disorder after the birth of her child, as well as drug and alcohol treatment if probation deems it desirable.

A $200 special assessment was imposed, to be paid in two months. There was no fine and no requirement to pay any costs of prosecution because defendant does not have any assets, and it is unlikely that she will have such assets in the future.

In so ruling, respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing.

## V. Context

The court gave considerable weight to the Guidelines. The court departed from the Guidelines for reasons stated in the sealed letter from the government, the court's observation of the witness during the trial testimony, and the "nature and circumstances of the offense and the history and characteristics of the defendant." *See Id.* § 3553(a)(1).

Ms. Walcott is 30 years old, and was born in Georgetown, Guyana. She grew up under difficult circumstances. When defendant was 9 years old, she was sexually abused by a male cousin over the course of a year. Her parents divorced when she was 11 years old, and her father was an alcoholic who was verbally and physically abusive towards her mother. Ms. Walcott has been diagnosed with bipolar disorder, depression, and post-traumatic stress disorder.

Ms. Walcott's mother married another man, who later disappeared and could not provide financial assistance for Ms. Walcott's mother. Defendant became involved in the offense around this time. During this period, defendant provided financial assistance to her mother, who did not know where the funds were coming from.

Despite these circumstances, Ms. Walcott received a certification as a Medical Assistant in 2004 and has been working at the North Shore – Long Island Jewish Medical Centre in New York. She is currently married to Judd Walton, who is a student studying information technology. She learned that she was pregnant in May of 2014 and has ceased all drug and alcohol consumption since that point. She remains compliant with therapy and mental health treatment at this time.

Under Section 3553(a)(2)(B) of Title 18, a sentencing court must consider two major factors: general and specific deterrence. General and specific deterrence are achieved by the sentence imposed, and all elements of the guidelines and statutes have been considered.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: September 24, 2014
Brooklyn, New York